UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN M. CASEY,

    Plaintiff,

v.                            Case No.: 8:19-cv-271-T-38AEP

DONNA LEE ELM and TAMARA THEISS,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendants Federal Public Defender Donna Elm and Assistant Federal Public Defender Tamara Thesis' Motion to Dismiss (Doc. 8) filed on February 15, 2019. Plaintiff Brian M. Casey filed a Response in Opposition (Doc. 12) on March 1, 2019. The Motion is briefed and ripe for the Court's review.

## **BACKGROUND**

In October 2010, Casey was charged in Lee County, Florida with first-degree murder and arson. Casey was convicted of second-degree murder and arson and was sentenced to life imprisonment. Casey was also charged with a separate second-degree murder offense and pled no contest to the lesser included offense of manslaughter. He

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

was sentenced to fourteen years imprisonment with sixteen years of probation upon release. Casey exhausted his state court remedies in both cases and filed separate petitions for writs of habeas corpus with this Court. The Court appointed the Federal Public Defender to represent Casey on both habeas petitions. Casey filed this case to remove the Federal Public Defenders Office as counsel.

Casey alleges that Defendants violated all the rules and standards of The Florida Bar. Casey alleges that since Defendants violated The Florida Bar's Rules of Professional Conduct, they have violated his Constitutional Rights.

## **STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. *Christopher v Harbury*, 536 U.S. 403, 406 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561- 563 (2007) (*aboragating Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. *Bell Atlantic*, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* at 555; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it demands more than an unadorned, "the-defendant-unlawfully-harmed-me

2

accusation." *Sinaltrainal v. Coca-Cola Co.*, 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. *Sinaltrainal*, 578 F. 3d at 1268 (citing *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. *Sinaltrainal*, 578 F. 3d at 1268 (citing *Iqbal,* 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Simplexgrinnell, L.P. v. Ghiran*, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Georgia*, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

## DISCUSSION

Plaintiff claims Defendants violated his First, Fourth, Eighth, and Fourteenth Amendment rights by violating The Florida Bar's Rules of Professional Conduct. Defendants argue that Casey's Complaint should be dismissed as a matter of law because: (1) Casey's claim that Defendant's violated the United States Constitution is an improper *Bivens* claim; (2) Defendants cannot be sued in their individual or official capacity; and (3) the Rules regulating The Florida Bar do not give rise to a cause of action.

### *Constitutional Claims*

Defendants argue that any Constitutional claim against them should be dismissed because they are not acting as federal officers under color of federal or state law when

representing clients in federal and criminal proceedings. Defendants' argue that Plaintiff claim is an improper *Bivens* claim. Defendant's argument is well taken.

A *Bivens* suit challenges the constitutionality of the actions of federal officials. *Fiore v. Secular*, No. 809-CV-999-T-17EAJ, 2009 WL 1587119, at *2 (M.D. Fla. June 5, 2009). The effect of *Bivens* was, to create a remedy against federal officers, acting under color of federal law, that was analogous to the § 1983 action against state officials. *Id.* (*citing Dean v. Gladney,* 621 F.2d 1331, 1336 (5th Cir.1980), *cert. denied,* 450 U.S. 983 (1981). Thus, courts generally apply § 1983 law to *Bivens* cases. *Butz v. Economou,* 438 U.S. 478, 500 (1978) (A federal official sued under *Bivens* has the same immunity as a similar state official sued for identical violation under § 1983).

Federal defenders do not act under color of federal law when representing clients in federal criminal proceedings and are therefore not subject to suit under *Bivens*." *Barnett v. Levin*, 2013 WL 684454, at *2 (D.N.H. Feb. 25, 2013); *see also, e.g.*, *Richards v. Flynn*, 263 F. App'x 496 (7th Cir. 2008) ("[A] *Bivens* action for legal malpractice cannot be maintained against appointed lawyers, even those employed by the federal government, because they do not act under color of law."). Instead, the actions of defense counsel in representing Plaintiff are the acts of a private party. *Handlon v. United States*, No. 217CV273FTM99MRM, 2017 WL 2311759, at *3 (M.D. Fla. May 26, 2017). The law is clear that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender is not a "state actor" for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that under the facts of this case, a public defender was not acting "under color of state law" but declining to hold that a public defender never acts in that role); *Prince v. Gilner*, No. 8:10-CV-2836-T-27MAP,

4

2010 WL 5330558, at *1 (M.D. Fla. Dec. 21, 2010) (Public defenders and court appointed counsel are not persons "acting under of color of state law" for the purposes of the statute).

Here the Defendants were appointed by the Court to represent Plaintiff in his Habeas Petition. As such, Defendants cannot be sued for violating Plaintiff's Constitutional rights under *Bivens* or § 1983. Consequently, Plaintiff fails to state a cognizable claim against the Defendants.

<u>*The Florida Bar Rules of Professional Conduct*</u>

Plaintiff brings his complaint under The Florida Bar rules of professional conduct 4-8.4(d) and 4-1.16(a)(1). The Rules regulating The Florida Bar create no civil cause of action. The Preamble to The Florida Bar Rules of Professional Conduct states:

> Violation of a rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption that a legal duty has been breached. In addition, violation of a rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability.

As seen in the preamble to the Professional Rules, the ethics rules themselves preclude a private cause of action arising from a violation of the rules. *Smith v. Bateman Graham, P.A.*, 680 So. 2d 497, 498 (Fla. 1st DCA 1996); *Pressley v. Farley*, 579 So. 2d 160, 161 (Fla. 1st DCA 1991), *cause dismissed,* 583 So. 2d 1036 (Fla. 1991) (holding that violating the Rules of Professional Conduct, creates no legal duty by the lawyer nor constitute negligence per se, although it may be used as some evidence of negligence); *See also, Tew v. Arky, Freed, Stearns, et al.,* 655 F. Supp. 1571 (S.D.Fla.1987) (violation of a

5

disciplinary rule created no private cause of action). Consequently, Plaintiff's claim is legally insufficient to state a cause of action and due to be dismissed.

Generally, a pro se plaintiff, "*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice" where a more carefully drafted complaint might state a claim. *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991) (emphasis added) *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). However, there are two circumstances in which the district court need not grant leave to amend under *Bank*: (1) where the plaintiff has indicated that he does not wish to amend his complaint; and (2) where a more carefully drafted complaint could not state a claim and is, therefore, futile. *Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) (*citing Bank,* 928 F.2d at 1112). On the first exception, filing a written motion that sets forth the substance of a proposed amendment is the proper method to request leave to amend the complaint. *Long v. Satz,* 181 F.3d 1275, 1279 (11th Cir. 1999). On the second exception, where futility is close, we err on the side of generosity to the plaintiff. *O'Halloran v. First Union Nat'l Bank of Fla.,* 350 F.3d 1197, 1206 (11th Cir. 2003). The Court concludes that a more carefully drafted complaint could not state a claim in this case.

Accordingly, it is now

**ORDERED:**

1. Defendants Federal Public Defender Donna Elm and Assistant Federal Public Defender Tamara Thesis Motion to Dismiss (Doc. 8) is **GRANTED**.

2. The Plaintiff's case is **DISMISSED with prejudice**.

3. The Clerk shall enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of May 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies:
All Parties of Record

7